**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Hang Kwon Kim<br><br>                  Plaintiff,<br><br>      v.<br><br>Golden Adult Day Care, Inc., Paul Park, and Eunice Park,<br><br>                  Defendants, | Index No. 26-cv-392<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff Hang Kwon Kim (hereinafter referred to as "Plaintiff"), by and through his attorney, Ryan Kim Law, P.C., hereby brings this Complaint against Defendants Golden Adult Day Care, Inc. (hereinafter referred to as "Defendant Golden"), Paul Park (hereinafter referred to as "Defendant Mr. Park"), Eunice Park (hereinafter referred to as "Defendant Ms. Park") (collectively "Defendants")  and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff Hang Kwon Kim, against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA" – 29 U.S.C. § 201 *et seq*) and the New Jersey Wage and Hour Law ("NJWHL" – N.J.S.A. § 34:11-56(a) *et seq*). As a direct consequence of Defendants' willful, malicious, and unlawful employment practices, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction over this controversy pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiff's rights under 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over the NJWHL claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and a substantial part of acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff Hang Kwon Kim is an adult who resides in the State of New Jersey.

7. Plaintiff was employed as a CDL driver at Defendant Golden.

8. Plaintiff started his work at Golden on or about May 29, 2023, and his last day of work was on or about November 14, 2025.

9. Defendant Golden is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 53-57 West Fort Lee Road, Bogota, New Jersey, 07603.

10. Defendant Golden engages in commerce within the meaning of the FLSA.

11. Defendant Golden is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

12. Defendant Golden provides adult day health care services.

2

13. Defendant Mr. Paul Park is the Owner of Golden, to whom Plaintiff reported.

14. Defendant Ms. Eunice Park is the Officer of Golden, to whom Plaintiff reported.

15. At all times relevant herein, Defendants acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of its employment with and for the benefit of Defendants.

## FACTUAL ALLEGATIONS

16. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

17. Defendants committed the following alleged acts knowingly, willfully, and maliciously against Plaintiff.

18. In 2023, Plaintiff came across the job advertisement made by Golden posted on HeyKorean.

19. When Plaintiff reached out, Defendant Mr. Park offered Plaintiff a job with $1,080.00 per week which Plaintiff agreed.

20. Plaintiff started his work at Golden on or about May 29, 2023.

21. Plaintiff was employed as a CDL driver.

22. Plaintiff's workday stated on or around 6:20 am and continued until 7 pm, Monday through Friday.

23. Plaintiff's work hours far exceeded 60 hours per workweek.

24. Plaintiff was not exempt under federal and state laws requiring employers to pay employee's overtime.

25. Defendants never recorded Plaintiff's actual work hours.

26. Defendants did not provide Plaintiff with any lunch breaks.

3

27. Defendants paid Plaintiff fixed salary of $1,080.00 regardless of Plaintiff's actual work hours.

28. Plaintiff was not paid with appropriate overtime compensation for all of his work hours exceeding forty (40) hours per workweek.

29. When Plaintiff approached Defendant Mr. Park regarding his compensation, Defendant Mr. Park promised to pay Plaintiff $20 per hour and $30 per hour for overtime.

30. However, Defendant Mr. Park failed to keep his promise.

31. Defendants continued to pay Plaintiff fixed salary regardless of actual work hours and failed to pay appropriate overtime.

32. Plaintiff's weekly salary was raised to $1,200.05 beginning on or around September 2024.

33. However, the weekly salary did not provide Plaintiff with appropriate overtime compensation.

34. Defendants' failure to keep track of Plaintiff actual work hour continued.

35. Throughout his employment, Plaintiff was not compensated at least one and one-half of his hourly wage for all hours worked above forty (40) in each workweek.

36. Throughout the employment, Plaintiff took only one week of vacation in September 2024.

37. Other than one week of vacation, Plaintiff did not use a single sick day.

38. Plaintiff once paid $1,000 as a penalty to Defendants for a vehicle collision.

39. Plaintiff's last day of work with Defendants was on or about November 14, 2025.

## Count I
### Violations of Fair Labor Standards Act ("FLSA")
### [1] Failure to Pay Minimum Wage

40. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

41. FLSA requires employers, such as Defendants, to pay employees the federal minimum wage for all hours worked.

42. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Since 29, 2009, the federal minimum wage has been $7.25 per hour.

43. Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

44. Plaintiff does not or did not perform job duties or tasks that permit him to be exempt from a minimum wage as required under the FLSA.

45. Defendants failed to keep an accurate record of the hours Plaintiff actually worked.

46. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Plaintiff seeks damages in the amount of all of his respective unpaid wages, liquidated damages as provided by the FLSA for minimum wage violations, interest, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

## Count II
### Violations of Fair Labor Standards Act ("FLSA")
### [2] Failure to Pay Overtime

48. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

49. Pursuant to 29 U.S.C. § 207(a), the FLSA provides that no employer shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater.

50. Pursuant to 29 U.S.C. § 216(b), the FLSA provides that any employer who violates the provision of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of his unpaid overtime compensation, and an additional equal amount as liquidated damages.

51. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

52. Plaintiff did not perform job duties or tasks that permit him to be exempt from a minimum wage as required under the FLSA.

53. Defendants failed to keep an accurate record of the hours Plaintiff actually worked.

54. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of one and one-half times to Plaintiff or all hours worked in excess of forty (40) hours per workweek.

55. The FLSA and supporting regulations required employers to notify employees of employment law to require employers to notify employment law requirements.

56. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**Count III**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**[1] Failure to Pay Minimum Wage**

57. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

58. At all relevant times, Defendants failed to pay Plaintiff at least a state minimum wage for all hours worked pursuant to N.J.S.A. § 34:11-56a4.

59. At all relevant times, Defendants failed to keep true and accurate records of the hours Plaintiff worked each day.

60. An employer who fails to pay their employees' wages shall be liable, in addition to the amount of underpayments, for liquidated equal to two hundred percent (200%).

**Count IV**
**Violations of the New Jersey Wage and Hour Law ("NJWHL")**
**[2] Failure to Pay Overtime**

61. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

62. At all relevant times, Defendant failed to pay overtime compensation to Plaintiff at one and one-half times the hourly rate of the Plaintiff as required pursuant to N.J.S.A. § 34:11-56a4(b).

63. At all relevant times, Defendants failed to keep true and accurate records of the hours Plaintiff worked each day.

64. An employer who fails to pay their employees' wages shall be liable, in addition to the amount of underpayments, for liquidated equal to two hundred percent (200%).

7

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

b. An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiff plus compensatory and liquidated damages in the amount of two hundred percent (200%) thereafter under the New Jersey Wage Theft Act;

c. An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to failure to overtime compensation pursuant to NJWHL;

e. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NJWHL;

f. The cost and disbursements of this action;

g. An award of pre-judgment and post-judgment fees; and

h. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: January 13, 2026

/s/ Ryan Kim
Ryan J. Kim

8

9

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com